IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CHAD ROYER,<br>    Plaintiff,<br><br>v.<br><br>PREMIER RECOVERY GROUP, INC.,<br>JOEY M. YOUNGER, II, individually<br>QUINTON SMITH, SR., individually,<br>NATIONAL CREDIT ADJUSTERS LLC,<br>TRAVELERS CASUALTY AND SURETY COMPANY<br>OF AMERICA, and<br>HARTFORD CASUALTY INSURANCE COMPANY<br>    Defendants. | Case No.:   4:16-cv-365 |

# COMPLAINT

Plaintiff Chad Royer ("Plaintiff"), by and through his undersigned counsel, brings this lawsuit against Premier Recovery Group, Inc. ("PRG"), Joey M. Younger, II ("Younger"), Quinton Smith, Sr. ("Smith"), National Credit Adjusters LLC ("NCA"), Travelers Casualty and Surety Company of America ("Travelers") and Hartford Casualty Insurance Company ("Hartford") and alleges as follows:

## NATURE OF ACTION

1. This lawsuit is brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Texas Finance Code ("TFC") § 392.001, *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. This Court has jurisdiction over Younger and Smith in their individual capacities because each individual personally directed activities to, and against, residents of Texas, including Plaintiff, in order to profit from their endeavors in this state, thus purposefully availing themselves of the benefits of doing business here.

4. This Court has jurisdiction over PRG, Travelers and Hartford because these companies regularly conducted business activities in the State of Texas in order to profit from their endeavors in this state, thus purposefully availing themselves of the benefits of doing business here.

5. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District, and where Plaintiff resides in this State and this District.

## PARTIES

7. The Plaintiff, Chad Royer ("Plaintiff"), is an adult individual residing in Parker County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

8. PRG is a company operating from Buffalo, New York.

9. PRG can be served at 191 North Street, Buffalo, New York, 14201.

10. PRG is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

11. Younger resides or recently resided at 801 Campbell Blvd., Amherst, NY 14228, and is the owner of PRG.

12. Younger is an owner of PRG or is otherwise highly involved in the operations of PRG.

13. Younger is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

14. Smith resides in the Buffalo, New York area and is an owner of PRG or is otherwise highly involved in the on-goings of PRG.

15. Smith is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

16. NCA is a company operating from Hutchinson, Kansas.

17. NCA can be served in the state of Texas via its registered agent, Corporation Service Company, at 211 E. 7th St., Suite 620, Austin, TX 78701.

18. NCA is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

19. Hartford Casualty Insurance Company ("Hartford") is a foreign entity that can be served in the state of Texas via its registered agent, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas, 75201.

20. Hartford is liable for acts committed by NCA pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, bond number 20BSBGZ7832, as well as any other applicable law.

21. Travelers Casualty and Surety Company of America ("Travelers") is a foreign entity that can be served in the state of Texas via its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

22. Travelers is liable for the acts committed by PRG prior to October 10, 2015, pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, bond number 7752241463TX , as well as any other applicable law.

## FACTUAL ALLEGATIONS

23. Sometime prior to the filing of this Complaint, Plaintiff allegedly incurred a financial obligation that was used primarily for personal, family or household purposes (hereinafter the "Account").  Specifically, Plaintiff believes the account was a personal pay day loan used for various personal effects and not for any business purposes.

24. The Account allegedly went into default with the original creditor prior to the filing of this Complaint.

25. After the Account allegedly went into default, the Account was sold to or otherwise transferred to NCA for collection.

26. NCA then transferred the account to PRG, Younger and Smith for collection.

27. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

28. Plaintiff disputes the amount NCA and PRG, Younger and Smith are attempting to collect on the Account.

29. Plaintiff requests that defendants cease all further communication on the Account.

30. PRG's collector(s) were employee(s) of PRG at all times mentioned herein.

31. PRG acted at all times mentioned herein through its employee(s).

32. During the one year prior to the date of the filing of this Complaint, PRG and/or representative(s), employee(s) and/or agent(s) of PRG made telephone calls to Plaintiff to collect the Account.

33. On October 9, 2015, PRG attempted collections by calling Plaintiff and asking him if Plaintiff had been given a "case number" in previous communications with PRG. Plaintiff confirmed that he had been given a "case number" of 567141.  Then an employee of PRG by the name of "Mike" came on the phone and told Plaintiff that "under the circumstances [PRG is] looking at a civil case here coming out of Texas where Ace Cash Express in July 2013 you walked into their establishment and provided banking information in exchange for funds.  … My job is to help avoid court action on your file and offer an out of court settlement."

34. In the same October 9, 2015 phone call, after saying the things described in the above paragraph, PRG's employee then asked Plaintiff "Did you receive a summons?" When Plaintiff responded "No", PRG's employee said "Okay, good, then we can still do it voluntarily."

35. Despite representing to Plaintiff that Plaintiff had been sued, according to a former employee, PRG never sues consumers on accounts it attempts to collect.

36. In the same October 9, 2015 phone call, PRG's employee went on to tell Plaintiff that NCA was the owner of the debt and that NCA would update Plaintiff's "FICO score" within 30 to 60 days of Plaintiff paying the Account and told him that the update to the FICO score "should up your FICO score a little bit."

37. In the same October 9, 2015 phone call, another employee of PRG claiming to be a supervisor came on the phone and informed Plaintiff that the Account had been purchase by a group of attorneys known as National Credit Adjusters and said that NCA had reported the account as negative on Plaintiff's credit report but that Plaintiff had 90 days from the report date to resolve the account before the Account would negatively affect his credit score.

38. Despite telling Plaintiff that paying the account would improve his credit score, neither PRG, nor NCS were reporting the account to Plaintiff's credit report. Thus, there could be no improvement in Plaintiff's credit score if the account was paid. Further, the manner described by PRG regarding a 90 day period in which Plaintiff could resolve the account before it would negatively affect his credit score was completely bogus and made up.

39. Additionally, National Credit Adjusters is not "a group of attorneys" as PRG said.

40. The collection bond PRG had on file with the Texas Secretary of State expired on October 10, 2015. PRG did not have a collection bond on filed with the Texas Secretary of State after that date, yet continued attempts to collect the account from Plaintiff.

41. On October 12, 2015, PRG's employee "Brittany Moore" called Plaintiff and said she was with the "investigation and fraud department here at PRG."

42. According to a former employee of PRG, there is no "investigation and fraud department" at PRG.

43. Younger and Smith determined the policies and procedures for PRG, both formal and informal, and instructed the employees of PRG to say the things they said to Plaintiff in the various attempts to collect from Plaintiff.

44. Smith, knowing the statements described above are not true, nonetheless instructed PRG's collectors to say the things described above when calling Plaintiff and other consumers.

45. Younger, knowing the statements described above are not true, nonetheless instructed PRG's collectors to say the things described above when calling Plaintiff and other consumers.

46. The statements made to Plaintiff during PRG's collection attempts described in the paragraphs above would cause the least sophisticated consumer to believe that a lawsuit had been filed against him or her or that a lawsuit was immanently going to be filed against him or her.

47. The statements made to Plaintiff during PRG's collection attempts described in the paragraphs above would cause the least sophisticated consumer to believe that PRG was a law firm and that PRG's employees were lawyers.

48. The statements made to Plaintiff during PRG's collection attempts described in the paragraphs above would cause the least sophisticated consumer to believe that PRG had involuntary methods of securing financial remedies, such as seizure, garnishment, attachment, or sale of any of the Plaintiff's property or wages.

49. The statements made to Plaintiff during PRG's collection attempts described in the paragraphs above would cause the least sophisticated consumer to believe that he or she had committed fraud.

50. The statements made to Plaintiff during PRG's collection attempts described in the paragraphs above would cause the least sophisticated consumer to believe that NCA was a law firm.

51. The information communicated to Plaintiff by PRG, Younger and Smith and their employees was false and misleading.

52. PRG, Younger and Smith knew that the information provided to Plaintiff was false.

53. PRG, Younger and Smith told Plaintiff the above-described false information in order to trick, deceive and manipulate Plaintiff into transmitting money to PRG.

54. Plaintiff did not know that the information conveyed to him regarding the Account's status was false.

55. PRG did not inform Plaintiff in any communication with Plaintiff that PRG was a debt collector or that PRG was attempting to collect a debt or that any information obtained by PRG would be used for the purpose of debt collection.

56. PRG failed to inform Plaintiff of Plaintiff's right to dispute the debt and/or request validation of the debt as described in 15 U.S.C. § 1692g.

57. NCA was aware of the practices employed by PRG as described above to collect the accounts NCA placed with PRG.

58. NCA profited from the abusive collection tactics employed by PRG as described above.

59. NCA, by virtue of its own collection bond on file with the Texas Secretary of State and the renewal process for that bond, and by virtue of its own efforts to monitor the compliance of the companies it engages to collect on its behalf, was aware that PRG was collecting on its behalf without a collection agency bond.

60. PRG's purpose for the telephone call(s) and voicemails described above was to attempt to collect the Account.

61. The telephone call(s) and voicemails each individually conveyed information regarding the Account directly or indirectly to Plaintiff.

62. The telephone call(s) and voicemails each individually constituted a "communication" as defined by FDCPA § 1692a(2).

63. The only reason that PRG and/or representative(s), employee(s) and/or agent(s) of PRG made telephone call(s) to the Plaintiff was to attempt to collect the Account.

64. The only reason that PRG and/or representative(s), employee(s) and/or agent(s) of PRG had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

65. The only reason that PRG and/or representative(s), employee(s) and/or agent(s) of PRG left message(s) for the Plaintiff was to attempt to collect the Account.

66. All of the act(s) and omission(s) by PRG and/or its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully by PRG, Younger and Smith.

67. As a consequence of PRG's collection activities and communication(s), Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a) and Tex. Fin. Code § 392.403.

## RESPONDEAT SUPERIOR

68. The representative(s) and/or collector(s) at PRG were employee(s) and/or agents of PRG at all times mentioned herein.

69. The representative(s) and/or collector(s) at PRG were acting within the course and/or scope of their employment at all times mentioned herein.

70. The representative(s) and/or collector(s) at PRG were under the direct supervision and/or control of PRG at all times mentioned herein.

71. The actions of the representative(s) and/or collector(s) at PRG are imputed to their employer, PRG.

72. PRG acted at all times as an agent of NCA.

73. The actions of PRG are imputed to NCA.

74. NCA was aware of the collection practices used by PRG.

### COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY PREMIER RECOVERY GROUP, INC.,

75. The previous paragraphs are incorporated into this Count as if set forth in full.

76. The act(s) and omission(s) of PRG and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. §1692d(2) and §1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11) and § 1692g.

77. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from PRG.

### COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE BY PREMIER RECOVERY GROUP, INC.,

78. The previous paragraphs are incorporated into this Count as if set forth in full.

79. The act(s) and omission(s) of PRG and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.101 and §392.301(2)&(6)&(7) and §392.304(a)(4)&(5)&(8)&(14)&(16)&(19).

80. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from PRG.

81. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against PRG enjoining it from future violations of the Texas Finance Code as described herein.

### COUNT III:  INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY PREMIER RECOVERY GROUP, INC.

82. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, PRG is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion).   PRG intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

83. Plaintiff suffered actual damages from PRG as a result of PRG's intrusion.

### COUNT IV:  IMPUTED LIABILITY OF TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA FOR LIABILITY OF PREMIER RECOVERY GROUP, INC.

84. The previous paragraphs are incorporated into this Count as if set forth in full.

85. The act(s) and omission(s) prior to October 10, 2015 of PRG and its representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code §392.101 and §392.301(2)&(6)&(7) and §392.304(a)(4)&(5)&(8)&(14)&(16)&(19) are imputed to Travelers pursuant to Tex. Fin. Code § 392.102.

86. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Travelers.

### COUNT V:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY JOEY M. YOUNGER, II

87. The previous paragraphs are incorporated into this Count as if set forth in full.

88. The act(s) and omission(s) of Younger and his representative(s), employee(s) and/or agent(s) violated 15 U.S.C. §1692d(2) and §1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11) and § 1692g.

89. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Younger.

### COUNT VI: VIOLATIONS OF THE TEXAS FINANCE CODE BY JOEY M. YOUNGER, II

90. The previous paragraphs are incorporated into this Count as if set forth in full.

91. The act(s) and omission(s) of Younger and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.101 and §392.301(2)&(6)&(7) and §392.304(a)(4)&(5)&(8)&(14)&(16)&(19).

92. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Younger.

93. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against Younger enjoining him from future violations of the Texas Finance Code as described herein.

### COUNT VII: INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY JOEY M. YOUNGER, II

94. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Younger is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion). Younger intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

95. Plaintiff suffered actual damages from Younger as a result of PRG's intrusion.

### COUNT VIII:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
### BY QUINTON SMITH, SR.

96. The previous paragraphs are incorporated into this Count as if set forth in full.

97. The act(s) and omission(s) of Smith and his representative(s), employee(s) and/or agent(s) violated 15 U.S.C. §1692d(2) and §1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11) and § 1692g.

98. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Smith.

### COUNT IX:  VIOLATIONS OF THE TEXAS FINANCE CODE
### BY QUINTON SMITH, SR.

99. The previous paragraphs are incorporated into this Count as if set forth in full.

100. The act(s) and omission(s) of Smith and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.101 and §392.301(2)&(6)&(7) and §392.304(a)(4)&(5)&(8)&(14)&(16)&(19).

101. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Smith.

102. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against Smith enjoining him from future violations of the Texas Finance Code as described herein.

### COUNT X:  INVASION OF PRIVACY (INTRUSION ON SECLUSION)
### BY QUINTON SMITH, SR.

103. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Smith is liable to Plaintiff for invading Plaintiff's

privacy (intrusion on seclusion). Smith intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

104. Plaintiff suffered actual damages from Smith as a result of Smith's intrusion.

## COUNT XI:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY NATIONAL CREDIT ADJUSTERS, LLC

105. The previous paragraphs are incorporated into this Count as if set forth in full.

106. The act(s) and omission(s) of NCA and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. §1692d(2) and §1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11) and § 1692g.

107. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from NCA.

## COUNT XII:  VIOLATIONS OF THE TEXAS FINANCE CODE BY NATIONAL CREDIT ADJUSTERS, LLC

108. The previous paragraphs are incorporated into this Count as if set forth in full.

109. The act(s) and omission(s) of NCA and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.101 and §392.301(2)&(6)&(7) and §392.304(a)(4)&(5)&(8)&(14)&(16)&(19).

110. NCA and its representative(s), employee(s) and/or agent(s) also violated Tex. Fin. Code §392.306.

111. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from NCA.

112. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against NCA enjoining it from future violations of the Texas Finance Code as described herein.

### COUNT XIII:  INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY NATIONAL CREDIT ADJUSTERS, LLC

113. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, NCA is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion).   NCA intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

114. Plaintiff suffered actual damages from NCA as a result of NCA's intrusion.

### COUNT XIV:  IMPUTED LIABILITY OF HARTFORD CASUALTY INSURANCE COMPANY FOR LIABILITY OF NATIONAL CREDIT ADJUSTERS, LLC

115. The previous paragraphs are incorporated into this Count as if set forth in full.

116. The act(s) and omission(s) of NCA and its representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code §392.101 and §392.301(2)&(6)&(7) and §392.304(a)(4)&(5)&(8)&(14)&(16)&(19) and Tex. Fin. Code § 392.306 are imputed to Hartford pursuant to Tex. Fin. Code § 392.102.

117. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Hartford.

### JURY TRIAL DEMAND

118. Plaintiff is entitled to and hereby demands a trial by jury.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

119. Judgment in favor of Plaintiff and against Premiere Recovery Group, Inc. as follows:

   a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

   b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

   c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

   d. Statutory damages in the amount of $100 pursuant to Tex. Fin. Code § 392.403;

   e. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

   f. An injunction permanently enjoining it from future violations of the Texas Finance Code as described above, pursuant to Tex. Fin. Code §392.403(1);

   g. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

   h. Such other and further relief as the Court deems just and proper.

120. Judgment in favor of Plaintiff and against Travelers Casualty and Surety Company of America as follows:

   a. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

   b. Such other and further relief as the Court deems just and proper.

121. Judgment in favor of Plaintiff and against Joey M. Younger, II as follows:

   a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

   b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

  c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

  d. Statutory damages in the amount of $100 pursuant to Tex. Fin. Code § 392.403;

  e. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

  f. An injunction permanently enjoining him from future violations of the Texas Finance Code as described above, pursuant to Tex. Fin. Code §392.403(1);

  g. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

  h. Such other and further relief as the Court deems just and proper.

122. Judgment in favor of Plaintiff and against Quinton Smith, Sr. as follows:

  a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

  b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

  c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

  d. Statutory damages in the amount of $100 pursuant to Tex. Fin. Code § 392.403;

  e. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

  f. An injunction permanently enjoining him from future violations of the Texas Finance Code as described above, pursuant to Tex. Fin. Code §392.403(1);

    g. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

    h. Such other and further relief as the Court deems just and proper.

123. Judgment in favor of Plaintiff and against National Credit Adjusters, as follows:

    a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

    e. An injunction permanently enjoining it from future violations of the Texas Finance Code as described above, pursuant to Tex. Fin. Code §392.403(1);

    f. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

    g. Such other and further relief as the Court deems just and proper.

124. Judgment in favor of Plaintiff and against Hartford Casualty Insurance Company as follows:

    a. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

    b. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE WOOD FIRM, PLLC

/s/ Jeffrey D. Wood
------------------------------------
Jeffrey D. Wood, Esq.
ArkBN: 2006164
107 N. Goliad, Suite 103
Rockwall, TX  75087
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@mmlaw.pro
Attorney for Plaintiff